IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



GILBERTO SANTOS PINEDA,
    Petitioner,

v.

                                           Civil No. 3:26cv229 (DJN)

WARDEN,
CAROLINE DETENTION FACILITY,
    Respondent.

### MEMORANDUM OPINION

The Court has received a Petition for Writ of Habeas Corpus filed on behalf of Petitioner, challenging his immigration detention. ("Petition," ECF No. 1.) Petitioner's wife, Thania L. Gomez Milla, filed the Petition for Petitioner, purportedly as a "next friend." Petitioner did not sign any of the submissions.

Rule 2(c)(5) of the Rules Governing §2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5).[1] The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "next friend must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

Ms. Milla does not show that she qualifies as "next friend" and, therefore, the Petition fails to comply with Rule 2(c)(5). The simple fact that Petitioner is detained is not sufficient to show that Petitioner cannot appear on his own behalf to prosecute the action. *Hamdi*, 294 F.3d at 603–04 (requiring showing of "inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"); *cf. Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007) (finding "blanket assertion" that petitioner was her husband and was incarcerated insufficient to show that petitioner could not initiate the petition from prison and that she was next friend).[2]

---

[2]    Indeed, the Court has received *pro se* § 2241 petitions filed by detainees in the Caroline Detention Center.

2

Accordingly, the Petition (ECF No. 1) will be DENIED WITHOUT PREJUDICE, and the action will be DISMISSED.  The outstanding Motions (ECF Nos. 2, 3) will be DENIED WITHOUT PREJUDICE.

Nevertheless, in order to expedite any further § 2241 petition filed by Petitioner himself, the Clerk is DIRECTED to mail a copy of this Memorandum Order and a standardized form for filing a § 2241 petition to Petitioner at the Caroline Detention Center.[3]  If Petitioner wishes to pursue a § 2241 petition, he should complete and return the form to the Court.  Petitioner must sign the form himself.  Any § 2241 petition will be opened as a new civil action.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date:  April 13, 2026

---

[3]      The Court should mail this Memorandum Order and a standardized § 2241 petition form to Petitioner at the Caroline Detention Center with the "A" number, "216-538-722."  (*See* ECF No. 1, at 1.)